UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| MALINDA R.,<br><br>            Plaintiff,<br><br>    v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>            Defendant. | CASE NO. 3:21-CV-5007-DWC<br><br>ORDER ON PLAINTIFF'S COMPLAINT |

This Court has jurisdiction pursuant to 28 U.S.C. § 636(c), Fed. R. Civ. P. 73 and Local Magistrate Judge Rule MJR 13. *See also* Consent to Proceed Before a United States Magistrate Judge, Dkt. 5. This matter has been fully briefed. *See* Dkts. 13, 15–16.

Like many Social Security disability claimants, plaintiff had a variety of both physical and psychological impairments, including a genetic muscle disorder causing pain and weakness in her legs, and anxiety and depressive impairments increasing difficulties with attendance and working around others. It is unclear from the record whether the ALJ adopted the opinions from one of plaintiff's examining psychologists regarding plaintiff's moderate limitation in her ability

to attend full-time work and complete a full workday and a full work week. The ALJ did provide substantial weight to this opinion; however, the ALJ does not appear to have adopted this particular opinion into the residual functional capacity analysis or into the hypothetical presented to the vocational expert, upon which the step 5 determination that plaintiff was not disabled is based.

Therefore, because this error is not harmless, after considering and reviewing the record, the Court concludes that this matter must be reversed and remanded for further review.

BACKGROUND

Plaintiff Malinda R. was 32 years old on the alleged date of disability onset of September 10, 2015 *See* Dkt. 11, Administrative Record ("AR") 66, 776. Plaintiff has at least a high school education. AR 785. Plaintiff has past relevant work as a communication equipment sales representative, furniture rental clerk, accounting clerk, and administrative clerk. *Id.* Plaintiff alleges she left her last job because of her conditions and because she moved to receive medical care. AR 181. According to the Administrative Law Judge ("ALJ") who issued the relevant decision at bar, ALJ Ross, plaintiff has the severe impairments of myotonia congenita, fibromyalgia, carpal tunnel syndrome, restless leg syndrome, post-traumatic stress disorder ("PTSD"), and unspecified depressive disorder. AR 778.

PROCEDURAL HISTORY

Plaintiff applied for disability insurance benefits ("DIB") pursuant to 42 U.S.C. § 423 (Title II) of the Social Security Act in November 2015. AR 162–63. Plaintiff's claim was denied initially and following reconsideration. *See* AR 65–96. Plaintiff's requested hearing was held before ALJ Marilyn Mauer on October 11, 2017. *See* AR 30–64. On April 5, 2018, ALJ Mauer

issued a written decision in which the ALJ concluded that plaintiff was not disabled pursuant to the Social Security Act. *See* AR 15–25.

On February 19, 2019, the Appeals Council denied plaintiff's request for review. AR 1–3. Plaintiff filed a complaint in this Court seeking judicial review of the ALJ's written decision in April 2019. *See* AR 858–62. On October 7, 2019, Magistrate Judge David W. Christel entered an order reversing the ALJ's decision and remanding the matter for further administrative proceedings. AR 867–76.

On remand, ALJ Malcolm Ross ("the ALJ") held a new hearing. AR 794–833. The ALJ issued a new decision on November 4, 2020, once again concluding that plaintiff was not disabled pursuant to the Social Security Act. AR 776–87. The Appeals Council took no action on the ALJ's November 2020 decision, making it the Commissioner's final decision. *See* 20 C.F.R. § 404.984.

Plaintiff filed the Complaint seeking judicial review of the ALJ's decision in January 2021. *See* Dkt. 1. Defendant filed the sealed administrative record regarding this matter ("AR") on March 31, 2021. *See* Dkt. 11. Plaintiff challenges the ALJ's ultimate determination that she is not disabled, and specifically maintains the ALJ erred by failing to evaluate properly the medical evidence, including the reports and opinions of: (1) Dr. Keri Tarantino, Psy.D.; and (2) Dr. Eddie Espanol, M.D. Dkt. 13, p. 1. Defendant responds that the ALJ properly resolved conflicts and ambiguities in the record. Dkt. 15, p. 2.

## STANDARD OF REVIEW

Pursuant to 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of social security benefits if the ALJ's findings are based on legal error or not supported by

substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 n.1 (9th Cir. 2005) (citing *Tidwell v. Apfel*, 161 F.3d 599, 601 (9th Cir. 1999)).

## DISCUSSION

**I.  Whether the ALJ erred when evaluating the medical opinion evidence provided by Dr. Keri Tarantino, Psy.D.**

Plaintiff contends that the ALJ erred when evaluating the medical opinion from Dr. Tarantino and erred by failing to include all the limitations opined by Dr. Tarantino into the residual functional capacity ("RFC") of plaintiff. Defendant contends that the ALJ did not err when evaluating the medical opinion from Dr. Tarantino and furthermore that the ALJ incorporated the limitations opined by Dr. Tarantino when evaluating plaintiff's claim.

The parties agree that medical opinions disputed in this matter can only be rejected properly, as they are contradicted, with specific and legitimate reasons supported by substantial evidence in the record. *See* Plaintiff's Reply, Dkt. 16, p. 2 (*citing* Defendant's Response, Dkt. 15, pp. 4-5); *see also Lester v. Chater*, 81 F.3d 821, 830-31 (9th Cir. 1996) (other citations omitted). "Substantial evidence" is more than a scintilla, less than a preponderance, and is such "'relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989) (*quoting Davis v. Heckler*, 868 F.2d 323, 325-26 (9th Cir. 1989)).

Dr. Keri Tarantino, Psy.D. evaluated plaintiff on June 24, 2016. AR 407-11.  Dr. Tarantino reviewed medical records and took plaintiff's history of past and present illness. *See* AR 407-09. For example, Dr. Tarantino noted Plaintiff's report of "trauma from her childhood, re-experiencing this trauma through intrusive memories and flashbacks, significant hyperarousal symptoms, including panic-like symptoms, avoidance of situations that remind her of previous

trauma, difficulty sleeping, decreased interest and activities, low energy, and poor concentration." AR 408. Dr. Tarantino noted Plaintiff's indication that her "mood symptoms have intensified in the past 4 years and this is related to an increase in health concerns at that time." *Id*.

Dr. Tarantino also performed her own mental status examination. *See* AR 409-11. For example, Dr. Tarantino observed that plaintiff's affect "was congruent with her stated mood," which was "pretty anxious." AR 409. Regarding social functioning, Dr. Tarantino noted that plaintiff "is self-isolating," and regarding concentration persistence and pace, noted plaintiff's report that "even when she is watching movies and television, she does have a difficult time sustaining concentration for these on a routine basis." AR 410.

Dr. Tarantino provided her assessment and diagnosed plaintiff with post-traumatic stress disorder, chronic; as well as an unspecified depressive disorder. AR 411. Dr. Tarantino also provided a specific functional assessment:

> The claimant appears to have a clear ability to reason and understand. She appears to have some adaptation skills. Remote memories are mildly impaired. Recent and immediate memory are intact. Sustained concentration and persistence appear adequate based on the brief concentration tasks of the evaluation. However, the claimant does [have] difficulty persisting in other tasks in her home environment. She describes significant interpersonal challenges in her personal life. Her ability to interact with co-workers and the public is likely moderately impaired due to her mood symptoms and tendency to isolate herself from other individuals. Her ability to maintain regular attendance in the workplace is moderately impaired. Her ability to complete a normal workday or workweek without interruption from a psychiatric condition is also moderately impaired. Her ability to deal with the usual stress encountered in the workplace is markedly impaired if it involves being around other individuals. Further, she appears to have some significant physical limitations that would better be assessed by medical provider.

AR 411.

Plaintiff specifically argues that the ALJ failed to incorporate and credit fully Dr. Tarantino's opinion that plaintiff suffers from a marked limitation in dealing with the usual stress

encountered in the workplace and that the ALJ's RFC assessment is inconsistent with Dr. Tarantino's opinion that plaintiff suffers from moderate impairment in her ability to maintain regular attendance in the workplace (and complete a normal workday or workweek without interruption from a psychiatric condition). Open, Dkt. 13, pp. 4-6; Reply, Dkt. 16, pp. 3-4. Defendant contends that "the ALJ gave 'substantial weight' to Dr. Tarantino's opinions and adopted her limitations in the residual functional capacity" ("RFC"). Response, Dkt. 15, p. 7.

Although the ALJ indicates the provision of substantial weight to Dr. Tarantino's opinions in the written decision, the ALJ fails to include in the RFC Dr. Tarantino's opinion regarding moderate limitation in plaintiff's ability to maintain regular attendance and complete a workday/workweek. *See* AR 781, 784.

Defendant argues that the issue in this case is similar to the issue in *Stubbs-Danielson v. Astrue*, a Ninth Circuit case affirming an ALJ's decision where, as argued and quoted by defendant, "the Ninth Circuit held that an ALJ's hypothetical that included the ability to perform 'simple, routine, repetitive sedentary work, requiring no interaction with the public,' adequately captured a claimant's moderate deficiencies in pace and other mental areas." Response, Dkt. 15, p. 8 (*quoting* 539 F.3d 1169, 1173-75 (9th Cir. 2008)). However, having the tasks that one has to accomplish when one is working be simple, or completed at an easy pace, does not appear to the Court to accommodate limitations in the ability to get oneself to the workplace in the first place, or to complete a full workday or workweek once there.

Furthermore, it is not apparent from the decision whether the ALJ intended to credit fully this particular opinion from Dr. Tarantino regarding plaintiff's limitation in maintaining adequate attendance. After mentioning Dr. Tarantino's opinions, the ALJ indicated giving "Dr. Tarantino's opinion substantial weight because it is largely consistent with and supported by the

overall record in the claimant's demonstrated functioning." AR 784. This suggests, as argued by defendant, the ALJ intended to incorporate this opinion of moderate limitation in attendance into the RFC concerning plaintiff's psychological limitations. *See id*.; *see also* Response, Dkt. 15, p. 7 ("the ALJ gave 'substantial weight' to Dr Tarantino's opinions and adopted her limitations in the residual functional capacity") (*quoting* AR 781). However, there is no evidence of any limitation with respect to attendance being included in plaintiff's RFC, *see* AR 781, or in the hypothetical presented to the vocational expert ("VE"), *see AR* 826-27 (hypothetical providing the basis for the RFC presented to the VE to determine the existence of other jobs plaintiff could perform at the final, determinative step); *see also* AR 786-87.

Plaintiff's argument that the ALJ rejected Dr. Tarantino's opinion regarding moderate limitation in attendance and completing a full workday and workweek without specific comment or explanation is supported by the record. As noted by plaintiff, the ALJ did provide implied rationale in the written decision for failing to credit fully some unspecified opinions from Dr. Tarantino: "I find that the information the claimant gave Dr. Tarantino was inconsistent with the information she gave her providers, as established above. Given that inconsistency, I consider the residual functional capacity to be a conservative formulation of her capabilities." AR 784.

However, there are at least two problems with this potential explanation by the ALJ.

First, the parties disagree about whether "conservative formulation" means that the RFC is greater or lesser than plaintiff's actual abilities, and the Court concludes what is intended by the ALJ with this final sentence is not clear. Furthermore, there is no "establishment above" earlier in the decision that explains how the information plaintiff "gave Dr. Tarantino was inconsistent with the information she gave her providers." AR 784. Defendant makes no attempt to point out to the Court where the ALJ "established above" this inconsistency potentially relied

on by the ALJ. *See* Response, Dkt. 15. It is unclear if the ALJ is relying on this factor, and it is unclear if this factor, if relied on, is supported by substantial evidence. The Court cannot uphold this finding, as the Court is unclear what the ALJ's finding is, or if it is supported by substantial evidence.

Pursuant to 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of social security benefits if the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 n.1 (9th Cir. 2005) (citing *Tidwell v. Apfel*, 161 F.3d 599, 601 (9th Cir. 1999)). Here, the record potentially reflects both, legal error in the rejection of the medical evidence without specific and legitimate rationale supported by substantial evidence.

Therefore, the Court concludes that the ALJ erred by failing to indicate whether this particular opined limitation was adopted into the RFC or rejected. And, as it appears to have been rejected by not being included in the RFC, the ALJ also erred by failing to provide specific and legitimate rationale supported by substantial evidence in the record for the failure to include this limitation into the hypothetical presented to the VE and into the RFC.

Plaintiff argues any potential rejection by the ALJ on the basis of undue reliance by Dr. Tarantino on plaintiff's subjective self-report is not based on substantial evidence; but, defendant argues there is no need to go through this analysis because "the ALJ noted these inconsistencies only to establish that the residual functional capacity was 'a conservative formulation of [plaintiff's] abilities,'" not to reject the opinion of Dr. Tarantino. Response, Dkt. 15, p. 7, n 2.

The Court concludes that to the extent there is any implied unsubstantiated reliance by the ALJ on a finding of inconsistency between plaintiff's report to Dr. Tarantino and to other providers, any such reliance is not a specific and legitimate reason based on substantial evidence

in the record as a whole. *See Lester v. Chater*, 81 F.3d 821, 830-31 (9th Cir. 1996) (other citations omitted). Furthermore, upon this Court's review of the examination record from Dr. Tarantino, the Court notes that Dr. Tarantino appears to have consciously attended to her task of making opinions regarding only the specific limitations for which there is substantial support, and provided very specific and refined opinions regarding limitations: For example, Dr. Tarantino opined that plaintiff "appears to have clear ability to reason and understand [and] have some adaptation skills, [while] remote memory is mildly impaired [and] recent and immediate memory are intact." AR 411. She also opined that sustained concentration and persistence appeared "adequate," and refrained from making any assessments regarding physical limitations. *See id.* Dr. Tarantino, however, provided very specific opinions regarding plaintiff's ability to interact with coworkers and the public, as well as moderate limitations on plaintiff's ability to maintain regular attendance in the workplace and complete a normal workday or workweek without interruption. *See id*. The ALJ did not provide any specific and legitimate reason not to adopt these opinions, and perhaps intended to adopt them, as argued by defendant.

The Court concludes that the failure to explain the rejection of these apparently well-tailored-to-plaintiff limitations is not harmless error.

**II.     Harmless Error**

The Ninth Circuit has "long recognized that harmless error principles apply in the Social Security Act context." *Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012) (*citing Stout v. v. Comm'r, Soc. Sec. Admin.*, 454 F.3d 1050, 1054 (9th Cir. 2006)). An error is harmless if it is "'inconsequential to the ultimate non[-]disability determination.'" *Molina*, 674 F.3d at 1117 (quoting *Carmickle v. Comm'r, Soc. Sec. Admin.*, 533 F.3d 1155, 1162 (9th Cir. 2008)). The ALJ appears to have erroneously rejected Dr. Tarantino's opinions, and thus failed to account for all

of plaintiff's limitations in the RFC or hypothetical posed to the VE. *See* AR 781, 826-27. The Ninth Circuit has stated that the RFC assessment and step five evaluation are not supported by substantial evidence when the RFC and hypotheticals to the vocational expert fail to account for all of a claimant's limitations. *See Lingenfelter v. Astrue*, 504 F.3d 1028, 1040–41 (9th Cir. 2007). The ALJ therefore harmfully erred in rejecting Dr. Tarantino's opinions without adequate explanation or by failing to include them explicitly into the RFC. *See id.*

The Court also notes that although the relevant opinion regarding a moderate limitation in attendance and completing a normal work day/workweek has not been addressed in the RFC, nor by the VE directly, the VE did provide some relevant testimony. When asked about the tolerance by employers for unexplained or unexcused absences, the VE testified as follows: "Based on my vocational experience, it's no more than one day per month on an ongoing basis. If it's more than one day per month or more than one day per month on an ongoing basis, that would rule out competitive employment." AR 830-31. The Court concludes that the failure to address this directly in the written decision is not harmless error. Therefore, this matter must be reversed and remanded to the Commissioner for further consideration.

**III. Whether the ALJ erred by failing to evaluate the medical evidence of Dr. Eddie Espanol, M.D. properly**.

Plaintiff argues that the ALJ erred by failing to evaluate properly the medical evidence, including the reports and opinions of Dr. Eddie Espanol, M.D. Dkt. 13, p. 1. For example, plaintiff argues that "Dr. Espanol opines that [plaintiff] needed to take continuous breaks after working 10 minutes," and that "standing was limited to 10 minutes and sitting to 30 minutes followed by the need to move around." *Id*. at 3. The ALJ and the parties agree that Dr. Espanol opines that plaintiff was limited to sedentary work. Plaintiff contends that the ALJ's failure to credit fully the opinions from Dr. Espanol "on grounds that they were based on subjective reports

and unsupported by objective findings and [that] Dr. Espanol's objective findings were contradicted by the findings of Dr. Ian Lawson," is insufficient under the governing standard. *Id.*

As noted by plaintiff, "defendant Commissioner concedes that the applicable standard of review is that the opinions of treating and examining physicians may only be rejected by the ALJ for "specific and legitimate reasons that are supported by substantial evidence in the record." Plaintiff's Reply, Dkt. 16, p. 2 (*citing* Defendant's Response, Dkt. 15, pp. 4-5); *see also Lester v. Chater*, 81 F.3d 821, 830-31 (9th Cir. 1996). Dr. Espanol's opinions are contradicted by the opinion of Dr. Norman Staley, M.D. *See* AR 90 (occasionally lift 20 pounds), *compare with* AR 281 (sedentary limitation (lifting no more than 10 pounds)), *see also* Response, Dkt. 15, pp. 3-4). Therefore, the ALJ must provide specific and legitimate reasons to reject Dr. Espanol's opinions. Defendant contends the ALJ did so here. Response, Dkt. 15, pp. 2, 2-7.

Dr. Espanol was plaintiff's treating physician. For example, he examined her on April 22, 2016. AR 277-285. Dr. Espanol took plaintiff's updated subjective history of her symptoms and provided an assessment and plan. *See id.* As noted by plaintiff, the "ALJ afforded 'some weight' to Dr. Espanol's opinions." Dkt. 13, p. 3 (*citing* AR 784). Among other opinions, as noted by the ALJ, Dr. Espanol opined that plaintiff "was able to do sedentary work." AR 784 (*citing* AR 282 ("3F/6")). The limitation to sedentary work implies a limitation to standing and walking apparently adopted into plaintiff's RFC by the ALJ, *see* AR 781, but also implies a limitation that plaintiff could lift no more than 10 pounds at a time, which was not adopted by the ALJ, *see id. See* Response, Dkt. 15, pp. 3-4.

Regarding the opinion of limitation to sedentary work, the relevant opinion under dispute appears to be with respect to lifting and carrying, as this is the aspect of sedentary limitation not adopted by the ALJ into plaintiff's RFC. *See* AR 781. The Court concludes based on a review of

this record, and based on the fact that the Court already has determined that this matter must be remanded for further consideration by the Commissioner, *see supra*, Section 1, that following remand of this matter, the Commissioner shall provide further delineation and discussion of the portions of Dr. Espanol's opinions that are adopted versus ones that are rejected, including the rationale especially for opinions that are rejected.

## CONCLUSION

Based on the stated reasons and the relevant record, the Court **ORDERS** that this matter be **REVERSED** and **REMANDED** pursuant to sentence four of 42 U.S.C. § 405(g) to the Acting Commissioner for further consideration consistent with this order.

**JUDGMENT** should be for plaintiff and the case should be closed.

Dated this 12th day of July, 2021.

*/s/ David W. Christel*
David W. Christel
United States Magistrate Judge